ORIGINAL

CADES SCHUTTE
A Limited Liability Law Partnership

MARTIN E. HSIA          0-2954
COLIN O. MIWA           0-2997
KRISTIN S. SHIGEMURA    0-6957
1000 Bishop Street, Suite 1200
Honolulu, Hawaii  96813-4216
Telephone:  (808) 521-9200
Facsimile:  (808) 521-9210
E-mail:  mhsia@cades.com
E-mail:  cmiwa@cades.com
E-mail:  kshigemura@cades.com

Attorneys for Plaintiffs MAUI LAND &
PINEAPPLE COMPANY, INC. and
KAPALUA LAND COMPANY, LTD.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 19 2005

at 3 o'clock and 59 min P. M.
SUE BEITIA, CLERK

LODGED

DEC 15 2005
3:00 on
CLERK, U. S. DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUI LAND & PINEAPPLE COMPANY, INC., a Hawaii corporation, and KAPALUA LAND COMPANY, LTD., a Hawaii corporation,<br><br>                    Plaintiffs,<br><br>    v.<br><br>SULLIVAN PROPERTIES, INC. (formerly known as Sullivan & Conlen Inc.), a Hawaii corporation; and ROBERT B. SULLIVAN,<br><br>                    Defendants. | CIVIL NO. CV 04-00358 HG/BMK (Trademark)<br><br>**STIPULATED PERMANENT INJUNCTION; ORDER**<br><br><br>SETTLEMENT CONFERENCE:<br>Date:     August 18, 2005<br>Time:     10:00 a.m.<br>Judge:   Magistrate Kevin Chang<br><br><br>Trial Date:  None |

## STIPULATED PERMANENT INJUNCTION

Plaintiffs MAUI LAND & PINEAPPLE COMPANY, INC. ("MLP") and KAPALUA LAND COMPANY, LTD. ("KLC") (collectively, "Plaintiffs"); Defendants SULLIVAN PROPERTIES, INC. ("SPI") and ROBERT B. SULLIVAN ("Robert Sullivan"); and MICHAEL SULLIVAN, PATRICK SULLIVAN, MOLLY SULLIVAN (collectively, "Sullivans"); and JOLINE DORNER ("Dorner"), hereby stipulate and agree as set forth herein.

WHEREAS, on July 8, 2004, Plaintiffs commenced this action by filing a Complaint For Injunctive Relief And Declaratory Relief based on the alleged infringement of Plaintiffs' intellectual property rights by SPI and Robert Sullivan in connection with SPI's real estate and vacation rental business, in alleged violation of trademark and other law;

WHEREAS, on August 3, 2005, the Court ordered the parties to participate in a settlement conference;

WHEREAS, pursuant to the settlement agreement between the above-referenced parties, entered into on August 18, 2005, said parties agreed that a stipulated permanent injunction (the "Federal Injunction") should be entered on the terms and conditions set forth below;

2

NOW, THEREFORE, IT IS HEREBY STIPULATED AND

AGREED by the parties, as follows:

      1.    SPI, Robert Sullivan, Sullivans, and Dorner (collectively, the

"Enjoined Parties") shall be, and hereby are, immediately and permanently

restrained and enjoined from:

    (a)    Using the words "Kapalua" and "kapalua" (alone or in conjunction with other words, terms, or designs) or the Kapalua butterfly design in any advertisements or business names;

    (b)    Using the words "Kapalua" and "kapalua" (alone or in conjunction with other words, terms, or designs) or the Kapalua butterfly design in any business, including in telephone and business directories, trademarks, service marks, trade names, or Internet domain names, websites, meta tags, web site keywords, header files and other web page portions not visible to users, web site wallpaper/backgrounds, corporate and business entity names (e.g. LLC, dba, partnerships);

    (c)    Filing, processing, or renewing any trademark, service mark, trade name, or domain name application or registration for or containing the words "Kapalua" or "kapalua" (alone or together with other words, letters, or designs);

    (d)    Challenging the validity, ownership, fame, or distinctiveness of "Kapalua" or Plaintiffs' claimed rights therein, or to voluntarily assist or encourage any third-party to do so;

    (e)    Changing SPI's corporate form of doing business or its organizational identity in any way that may result in an avoidance by the Enjoined Parties of the terms of this stipulated Federal Injunction or the settlement agreement dated as of August 18, 2005; and

     (f)    Voluntarily assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

provided, however, notwithstanding the above:  SPI may refer, in its web sites and advertisements, to "Kapalua Resort" as the location of real properties that it is selling or renting (if the property is located therein), or it may add a trademark notice ("®") next to "Kapalua" if there is also a legible disclaimer on each page where "Kapalua" is mentioned, stated or otherwise referred to, stating that " 'Kapalua' is a registered trademark of Kapalua Land Company, Ltd."; and provided, further, that **SPI** may have until January 10, 2006, to dispose of its bath towels that are embroidered with "Kapalua.com" (after which time **SPI** must stop using them).

     2.    This stipulation and order is binding upon the Enjoined Parties, and their respective past, present, and future shareholders, officers, directors, members, managers, employees, agents, attorneys, successors, assigns, heirs, devisees, representatives, and all persons acting for, with, by, through, in concert with, or in participation with, any of the Enjoined Parties, each of whom hereby acknowledges that he, she, or it has received actual notice of this stipulated permanent injunction by personal service or otherwise.

3.     In the event of litigation commenced or instigated by a third-party (i.e. not SPI, Robert Sullivan, Sullivans, or Dorner or any entity affiliated with SPI, Robert Sullivan, Sullivans, or Dorner, and not including the prior ICANN arbitration between the parties, Claim No. FA0008-0000-95544) resulting in a final judicial determination that "Kapalua" is geographically descriptive with regard to "resort services" (as this term is used in trademark registrations and applications) and that it has not acquired distinctiveness or secondary meaning,

     (a)     SPI may use "Kapalua" or "kapalua" without "Resort" thereafter in its web site meta tags; and

     (b)     SPI or Robert Sullivan may challenge any of the orders entered in the action entitled <u>Kapalua Properties, Inc. v. Kapalua Land Company, Ltd., et al.</u>, Civil No. 6703(1), Second Circuit, State of Hawaii (the "Second Circuit Orders");

<u>provided</u> <u>that</u>:  (i) the Enjoined Parties have not breached any of the terms of the above-referenced settlement agreement dated as of August 18, 2005, and are not in violation of the Federal Injunction; and (ii) the Enjoined Parties hereby acknowledge and agree that any later determination regarding the Second Circuit Orders, or that "Kapalua" is geographically descriptive or not protectable as a trademark, shall not affect this stipulated Federal Injunction in any manner.

4.    This stipulated Federal Injunction is signed by all parties that
have appeared in this action, and is signed freely and upon advice of counsel,
pursuant to the settlement agreement dated as of August 18, 2005.

DATED:  Kahului, Maui, Hawaii, _9/12/05_____.

MAUI LAND & PINEAPPLE
COMPANY, INC.

By: _____
Its _Executive Vice President/ Resort Operation_

DATED:  Lahaina, Maui, Hawaii, _9/12/05_____.

KAPALUA LAND COMPANY, LTD.

By: _____
Its _Vice President / General Counsel_

*Maui Land & Pineapple Co., et al. v. Sullivan Properties, Inc., et al.*; Civil No.
CV 04-00358 HG/BMK; STIPULATED PERMANENT INJUNCTION; ORDER

6

DATED: Lahaina, Maui, Hawaii, _____.

SULLIVAN PROPERTIES, INC.


By: _____
       Its

DATED: Lahaina, Maui, Hawaii, _____.


_____
ROBERT B. SULLIVAN

DATED: Lahaina, Maui, Hawaii, _____.


_____
MICHAEL SULLIVAN

DATED: Lahaina, Maui, Hawaii, _____.


_____
PATRICK SULLIVAN

DATED: Lahaina, Maui, Hawaii, _____.


_____
MOLLY SULLIVAN

DATED: Lahaina, Maui, Hawaii, _____.


_____
JOLINE DORNER

*Maui Land & Pineapple Co., et al. v. Sullivan Properties, Inc., et al.*; Civil No. CV 04-00358 HG/BMK; STIPULATED PERMANENT INJUNCTION; ORDER

DATED:  Lahaina, Maui, Hawaii, _____11/21/05_____.

SULLIVAN PROPERTIES, INC.


By: _____

Its  _President_

DATED:  Lahaina, Maui, Hawaii, __11/21/08__.

_____
ROBERT B. SULLIVAN

DATED:  Lahaina, Maui, Hawaii, _____.


_____
MICHAEL SULLIVAN

DATED:  Lahaina, Maui, Hawaii, __11/21/05__.

_____
PATRICK SULLIVAN

DATED:  Lahaina, Maui, Hawaii, __11/21/05__.

_____
MOLLY SULLIVAN

DATED:  Lahaina, Maui, Hawaii, __11/21/05__.

_____
JOLINE DORNER

*Maui Land & Pineapple Co., et al. v. Sullivan Properties, Inc., et al.*; Civil No.
CV 04-00358 HG/BMK; STIPULATED PERMANENT INJUNCTION; ORDER

7

**APPROVED AS TO FORM:**


_____

MARTIN E. HSIA
COLIN O. MIWA
KRISTIN S. SHIGEMURA
Attorneys for Plaintiffs
MAUI LAND & PINEAPPLE
COMPANY, INC. and KAPALUA
LAND COMPANY, LTD.


_____

ROY J. TJIOE, ESQ.
EMILY REBER PORTER, ESQ.
JONATHAN ORTIZ, ESQ.
Attorneys for Defendant
SULLIVAN PROPERTIES, INC.


_____

PAUL T. YAMAMURA, ESQ.
WESLEY D. SHIMAZU, ESQ.
Attorneys for Defendant
ROBERT B. SULLIVAN


**APPROVED AND SO ORDERED:**


_____

UNITED STATES MAGISTRATE JUDGE

---

*Maui Land & Pineapple Co., et al. v. Sullivan Properties, Inc., et al.*; Civil No.
CV 04-00358 HG/BMK; STIPULATED PERMANENT INJUNCTION; ORDER
ImanageDB:603418.4

8